## BALL *v.* HORRIGAN.

*(Supreme Court, General Term, Second Department. July 22, 1892.)*

1. FALSE IMPRISONMENT—EVIDENCE.

Defendant ran out of his saloon, and seeing plaintiff running with a companion over his beer barrels, which had been stacked on the sidewalk, charged her with knocking them down, arrested her without warrant, and placed her in charge of an officer. Defendant stated that he did not see plaintiff knock down his barrels, and there was evidence that they were knocked down by boys. *Held*, that a verdict was properly rendered against defendant for false imprisonment.

2. SAME—MEASURE OF DAMAGES.

Damages for humiliation, insult, and wounded sensibilities, consequent upon the arrest of plaintiff, a young girl, are not open to objection as being vindictive, and the court properly instructed the jury that plaintiff's measure of damage was "what should be paid her for what she has suffered by being deprived of her liberty."

3. SAME—EXCESSIVE DAMAGES.

The sum of $450 for the illegal arrest of a girl of humble condition, 16 years old, and for her detention overnight in a "police box," is not excessive.

Appeal from circuit court, Westchester county.

Action by Margaret Ball, an infant, against Jeremiah Horrigan, for false imprisonment. Plaintiff was a girl of humble condition, 16 years old, and recovered a verdict for $450. Defendant appeals. Affirmed.

Argued before BARNARD, P. J., and CULLEN, J.

*Ellis & Harrigan*, for appellant. *R. E. & A. J. Prime & Burns*, *(Arthur J. Burns*, of counsel,) for respondent.

BARNARD, P. J. The proof entirely failed to show any justification for the arrest of the plaintiff. The defendant had some empty beer barrels in the street at night, and the plaintiff, with two other girls, passed by. They were running, and one of the barrels was so placed as to cause one of the girls, not the plaintiff, to stumble over it. The defendant came out and arrested her, and subjected her to great indignity. She was made to go into a police box, and wait for the police wagon, and when it came she was compelled to get in the same, and go to a police station. The defendant accompanied her, and made complaint that she kicked over his barrels, but stated that he did not see her do it. All the others deny that they kicked over the barrels, and a witness Brenner testified that some boys had knocked down the kegs, and that the girls came along and ran over the barrels afterwards. No crime was proven against the plaintiff, and none was committed by her. The defendant had no right to arrest her without a warrant. Code Crim. Proc. § 183. No objection can be taken to this rule of damages: "Taking this testimony as you have it, and all the circumstances, what should be paid to this girl for what she has suffered by being deprived of her liberty?" There is no question raised as to vindictive damages. Humiliation, insult, wounded sensibilities are all subjects of compensation, not as vindictive damages, which depend on malice. The compensation given is little enough as actual damages, if the jury said so.

Judgment affirmed, with costs.