**Ernest KLEIN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 18731.**

United States District Court
E. D. New York.

Oct. 28, 1958.

Raphael, Searles, Levin & Vischi, New York City (Bernard Koenigsberg, New York City, of counsel), for plaintiff.

Cornelius W. Wickersham, Jr., U. S. Atty., Eastern District of New York, Brooklyn, N. Y. (Robert A. Morse, Asst. U. S. Atty., Brooklyn, N. Y., of counsel), for defendant.

BRUCHHAUSEN, District Judge.

The defendant moves for a dismissal of the complaint herein on the grounds that the Court lacks jurisdiction of the subject matter and that no claim is stated upon which relief can be granted, also for summary judgment.

The plaintiff brought this action to recover damages for personal injuries, alleged to have been sustained by him on November 6, 1957, at the Holland-American Line Pier, Hoboken, New Jersey, through the negligence of Customs Officers and Agents of the Federal Bureau of Investigation. He claims that it is within the purview of the Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671–2680. This the defendant, by its present motion, disputes.

The fact that the plaintiff may have sustained personal injuries while dealing with Government employees, however deplorable, does not of itself warrant a legal claim. For the greater part of the existence of this Government, it was immune from suit. In recent years this immunity has been waived by statute to a somewhat limited extent. That such immunity is so limited is emphasized in the cases of Dalehite v. United States, 346 U.S. 15, 17, 73 S.Ct. 956, 97 L.Ed. 1427 (involving a tort claim) and Eastern Transportation Company v. United States, 272 U.S. 675, 685, 47 S.Ct. 289, 71 L.Ed. 472 (pertaining to the Suits in Admiralty Act). In Dalehite, the Court said [346 U.S. 17, 73 S.Ct. 959]:

"That Act (the Federal Tort Claims Act) waived sovereign immunity from suit for certain specified torts of federal employees. It did not assure injured persons damages for all injuries caused by such employees."

In Eastern Transportation Company, the Court wrote [272 U.S. 685, 47 S.Ct. 291]:

"The sovereignty of the United States raises a presumption against its suability, unless it is clearly shown; nor should a court enlarge its liability to suit conferred beyond what the language requires."

It is plain that the plaintiff may recover only if he establishes that his claim comes within the confines of the statute cited by him, i.e., 28 U.S.C. §§ 1346(b) and 2671–2680, which insofar as they are herein applicable set forth as follows:

"* * * the district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages * * * for personal injury * * * caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred * * * (excepting) any claim arising out of assault, battery, false imprisonment, false arrest * * *."

■ It should be noted that any claim "arising out of * * * false imprisonment" is barred, obviously meaning that any claim originating from, incident to or having connection therewith is excluded.

The issue before this Court is whether the complaint states a cause of action for negligence, an allowable claim under the Tort Claims Act, or whether it is in reality a claim for damages for false arrest or false imprisonment, both of which are barred by the statute.

This leads me to an examination of the complaint. The substance of the cause of action is alleged in paragraphs 7, 8, 9 and 13 thereof, viz.:

> The aforementioned defendant's employees at 8:30 A.M. "surrounded" the plaintiff, examined him from 8:30 A.M. until 2:30 P.M., during which time he was repeatedly "taken" from one part of the pier to another part;

> They "exposed him to cold, damp and windy conditions forcing him to be so exposed for extended periods of time and in various states of undress * * *."

Steamship piers are usually exposed to the elements. The plaintiff went to the said pier to greet incoming relatives. He was then aware that it was not fully protected from the weather. He makes no claim that the operators of the pier or the defendant should have provided a better or different place for those visiting the pier, including himself. Undoubtedly, upon the performance of his mission, he would have left the pier and avoided undue exposure to the cold and windy conditions there existing had he not been restrained from doing so.

It is quite clear that the basis of his claim is detention, involving the refusal to permit him to leave the pier of his own free will. As claimed, the defendant's employees "surrounded" him, took him here and there and "forced" and subjected him to exposure to wintry weather for many hours. Some of the items of damage claimed in the complaint, such as injury to the mind, failure to guard the plaintiff from public view and failure to take into account the sensitive position of his dignity due to his position in the community, are typical of those made in cases of false imprisonment. See Monjo v. Monjo, 53 Hun. 145, 6 N.Y.S. 132; Ball v. Horrigan, 65 Hun 621, 19 N.Y.S. 913; McKelvey v. Marsh, 63 App.Div. 396, 71 N.Y.S. 541, and Talcott v. National Exhibition Co., 144 App.Div. 337, 128 N.Y. S. 1059.

The plaintiff's affidavit, submitted in opposition to this motion, merely serves to furnish details of the plaintiff's detention, previously alleged in the complaint, viz.:

> "I asked to leave * * *. It was now about 10:30 A.M. * * * Inspector Daus * * * said it was impossible for me to leave then * * *.

> " * * * despite my calling the facts of my innocence to their attention, they kept me waiting * *. I was not permitted to go out and eat * * *.

> " * * * they persisted in conducting their own search * * *.

> "It wasn't till 2:30 P.M. of that day, more than five hours since I had been initially searched * * * that I was permitted to leave.

> " * * * as a result of this ordeal I became extremely ill. * *"

■ False imprisonment means wrongful detention. Earl v. Winne, 14 N.J. 119, 101 A.2d 535 and Schultz v. Greenwood Cemetery, 190 N.Y. 276, 83 N.E. 41. Inasmuch as plaintiff's alleged injuries arose from, originated from and were incident to his claimed forceful or wrongful detention by the defendant's employees, the action is barred by the terms of the said statutes, and the defendant's motion under Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C. is granted.