**Jennifer Jill HUGHES and Stephanie Rachel Hughes, infants who sue by Gloria J. Hughes, their mother and next friend and Gloria J. Hughes, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 80–1812.**

United States Court of Appeals, Fourth Circuit.

Submitted April 8, 1981.

Decided May 21, 1981.

Thomas S. Shadrick, Norfolk, Va. (Pender, Coward, Addison & Morgan, Norfolk, Va., on brief), for appellants.

Marc Richman, Appellate Staff, Civ. Div., Dept. of Justice, Washington, D. C. (Thomas S. Martin, Acting Asst. Atty. Gen., Washington, D. C., Justin W. Williams, U. S. Atty., Alexandria, Va., Anthony J. Steinmeyer, Appellate Staff, Civ. Div., Dept. of Justice, Washington, D. C., on brief), for appellee.

Before RUSSELL and ERVIN, Circuit Judges, and ANDERSON,* District Judge.

PER CURIAM:

These consolidated suits were brought by Gloria Hughes, as mother and next friend

---

* The Honorable G. Ross Anderson, Jr., United States District Judge for the District of South Carolina, sitting by designation.

of infant sisters Jennifer and Stephanie Hughes, against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680.[1] Plaintiffs sought money damages for the alleged negligence of an employee of the United States Postal Service. The district court dismissed the suits, and we affirm.

In 1974, postal employee Dennis Sullivan was arrested and charged under state law with luring a twelve year old girl into his vehicle for the purpose of taking indecent sexual liberties with her. At the time of the incident, Sullivan was dressed in his uniform but was between mail routes. He pleaded guilty to a lesser charge and was ordered to submit to psychiatric treatment. Shortly after the sentencing, the girl's father met with postal supervisor J. T. Crosswhite and requested that Sullivan be relieved of his delivery duties. The request was denied, and Sullivan was allowed to resume his job as a carrier.

On July 3, 1979 and July 6, 1979, Sullivan, while on his route, lured Jennifer and Stephanie Hughes into his postal truck and took indecent sexual liberties with them.[2] These 1979 events form the bases of plaintiffs' claims that postal supervisor Crosswhite acted negligently in failing to relieve Sullivan of his delivery duties after the 1974 incident.

The Federal Tort Claims Act abolishes sovereign immunity by allowing the United States to be sued for money damages for

> personal injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b).

Certain exceptions, however, have been made to the government's exposure to liability under 28 U.S.C. § 1346(b), one of which prevents the government from being held liable on "[a]ny claim arising out of assault [or] battery." 28 U.S.C. § 2680(h).

The district court dismissed the suits on the ground that the claims, although framed in terms of negligence, actually arose out of the assaults and batteries committed by Sullivan. The court concluded that government liability was thereby precluded under 28 U.S.C. § 2680(h).

After considering the record, briefs, and oral argument, we detect no erroneous finding of fact or conclusion of law warranting reversal of the district court's order. Accordingly, we affirm for reasons adequately stated by the district court. *Hughes v. Sullivan*, 514 F.Supp. 667 (E.D.Va.1980).

*AFFIRMED.*

---

1. Initially, an administrative tort claim was filed on behalf of Jennifer and Stephanie Hughes, but it was denied.

2. Sullivan was arrested and charged under state law with taking indecent liberties with children. Va.Code § 18.2–370. He pleaded guilty, was given a three year suspended sentence, and was ordered to continue psychiatric and religious counseling. He was joined originally as a defendant in these consolidated suits, but the cases against him were voluntarily dismissed without prejudice.