LOU S. NELSON v. SIMMONS I. PATRICK, JOHN E. FLOURNOY, GWENDOLYN S. ROMBOLD, AND KINSTON RADIOLOGICAL ASSOCIATES, P.A.

No. 813SC1166

(Filed 3 August 1982)

1. Physicians, Surgeons and Allied Professions § 12.1— medical malpractice action—voluntary dismissal of one claim—no dismissal of another

In a medical malpractice action, plaintiff's voluntary dismissal of a claim based on the "negligence of the defendants in rendering medical services to the plaintiff" did not result in the dismissal of plaintiff's claim for negligent failure of defendants to obtain her informed consent for the treatment.

Nelson v. Patrick

2. **Physicians, Surgeons and Allied Professions § 13— medical malpractice—failure to disclose risks of treatment—statute of limitations**

   An action based on the failure of defendant physicians adequately to inform plaintiff of the risks of radiation therapy and to obtain her informed consent to radiation treatment is in the nature of a negligence action, not an action for assault and battery, and the three-year statute of limitations applies. G.S. 1-15(c); G.S. 1-52(16).

3. **Physicians, Surgeons and Allied Professions § 17.1— medical malpractice—failure to inform of treatment risks—summary judgment not proper**

   In a malpractice action based on the alleged negligent failure of defendant physicians adequately to inform plaintiff of the risks of radiation therapy and to obtain her informed consent to such treatment, defendants were not entitled to summary judgment on the ground that plaintiff relied solely upon the recommendation of her prior physician in consenting to the radiation treatment since (1) a genuine issue of material fact as to reliance was presented, and (2) the referring physician was not a "health care provider" with respect to the radiation treatment within the meaning of G.S. 90-21.13(a)(1), and defendants could not shift to the referring physician their duty to obtain informed consent.

APPEAL by plaintiff and defendants from *Brown, Judge.* Judgment signed 25 May 1981 in Superior Court, PITT County. Heard in the Court of Appeals 10 June 1982.

By her complaint filed 5 July 1978, plaintiff alleged that defendants failed to adequately inform her of the known hazards of radiation therapy and thereby did not obtain her informed consent for the radiation treatment. Plaintiff further alleged the negligence of the defendants in administering the radiation treatment. As a result of the treatment, she received severe radiation damage to her intestines.

On 26 May 1981 the case was called for trial and, as recited in the judge's order, "counsel for the plaintiff orally gave notice of voluntary dismissal to the plaintiff's claim for relief based on the negligence of the defendants in rendering medical services to the plaintiff." Defendants then moved for leave to amend their answer, alleging as an affirmative defense that plaintiff's claim for rendering services without her informed consent was barred "by the applicable statute of limitations as prescribed by G.S. Sec. 1-54." The trial court granted the motion to amend and further granted defendants' motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. Defendants, by

cross-assignment of error, appeal the denial of their motion for summary judgment.

*Narron, Holdford, Babb, Harrison & Rhodes, by William H. Holdford, and Lanier & McPherson, by Dallas W. McPherson, for plaintiff.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by James D. Blount, Jr., Nigle B. Barrow, Jr. and Susan M. Parker, for defendants.*

MARTIN (Harry C.), Judge.

[1] The first question before us is whether the trial court erred in dismissing plaintiff's action grounded on the negligent failure of the defendants to obtain her informed consent to the treatment they administered. It is defendants' contention that, bound as we are to the record on appeal, we must adopt their interpretation and find that plaintiff took a voluntary dismissal on the question of defendants' negligent failure to obtain informed consent. In short, they argue that "rendering medical services" includes the obtaining of the informed consent of the patient to the proposed treatment as well as the actual performance of the medical procedure. This may be so in some circumstances; however, in the present case common sense dictates that plaintiff did not intend a dismissal of her entire action, but only the claim under paragraph VI of the complaint alleging negligence in the administering (or rendering) of the treatment. We adopt plaintiff's interpretation of the word "rendering," i.e., the performance of the medical procedure, for the purposes of this appeal, and hold that her claim for the negligent failure of defendants to obtain her informed consent was not voluntarily dismissed.

[2] We next address the issue of whether plaintiff's cause of action sounds in negligence or common law battery. Defendants contend that because uninformed or invalid consent is tantamount to no consent at all, the subsequent treatment constitutes an unauthorized touching of the person, i.e., a battery. By so arguing, defendants would have us hold that any action based on lack of informed consent would be controlled by the one-year statute of limitations for a battery. We do not agree.

Plaintiff's claim is a common law action for malpractice, or negligence, based upon the alleged failure of defendants to

reasonably disclose to her the various choices with respect to the proposed treatment and the dangers inherently and potentially involved in the treatment. *McPherson v. Ellis*, 305 N.C. 266, 287 S.E. 2d 892 (1982). The cause of action is governed to some extent by N.C.G.S. 90-21.13.[1]

Subsection (a)(1) establishes the standard required of health care providers in obtaining the consent of the patient to be "in accordance with the standards of practice among members of the same health care profession with similar training and experience

---

1. § 90-21.13. Informed consent to health care treatment or procedure.

(a) No recovery shall be allowed against any health care provider upon the grounds that the health care treatment was rendered without the informed consent of the patient or the patient's spouse, parent, guardian, nearest relative or other person authorized to give consent for the patient where:

    (1) The action of the health care provider in obtaining the consent of the patient or other person authorized to give consent for the patient was in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities; and

    (2) A reasonable person, from the information provided by the health care provider under the circumstances, would have a general understanding of the procedures or treatments and of the usual and most frequent risks and hazards inherent in the proposed procedures or treatments which are recognized and followed by other health care providers engaged in the same field of practice in the same or similar communities; or

    (3) A reasonable person, under all the surrounding circumstances, would have undergone such treatment or procedure had he been advised by the health care provider in accordance with the provisions of subdivisions (1) and (2) of this subsection.

(b) A consent which is evidenced in writing and which meets the foregoing standards, and which is signed by the patient or other authorized person, shall be presumed to be a valid consent. This presumption, however, may be subject to rebuttal only upon proof that such consent was obtained by fraud, deception or misrepresentation of a material fact.

(c) A valid consent is one which is given by a person who under all the surrounding circumstances is mentally and physically competent to give consent.

(d) No action may be maintained against any health care provider upon any guarantee, warranty or assurance as to the result of any medical, surgical or diagnostic procedure or treatment unless the guarantee, warranty or assurance, or some note or memorandum thereof, shall be in writing and signed by the provider or by some other person authorized to act for or on behalf of such provider.

situated in the same or similar communities."[2] The subsection appears to answer the question left unresolved in *McPherson, supra,* and to require the use of expert medical testimony by the party seeking to establish the standard. *See Hunt v. Bradshaw,* 242 N.C. 517, 88 S.E. 2d 762 (1955).

Subsection (a)(2) establishes an objective standard to determine whether the patient would have obtained a general understanding of the procedures or treatments contemplated and of the usual and most frequent risks and hazards inherent in them.

Subsection (a)(3) establishes an objective standard to determine whether the patient would have undergone the proposed treatment or procedure had he been advised by the health care provider in accordance with the statute.

In the case sub judice, the plaintiff consented to the treatment, but contends that it was not an informed consent.

Where a medical procedure is completely unauthorized, it constitutes an assault and battery, i.e., trespass to the person. *Hunt v. Bradshaw, supra* (Bobbitt, J., concurring). *See Kennedy v. Parrott,* 243 N.C. 355, 90 S.E. 2d 754 (1956). If, however, the procedure is authorized, but the patient claims a failure to disclose the risks involved, the cause of action is bottomed on negligence. Defendants' failure to make a proper disclosure is in the nature of malpractice (negligence) and the three-year statute of limitations applies. N.C. Gen. Stat. § 1-15(c) (Cum. Supp. 1981); N.C. Gen. Stat. § 1-52(16) (Cum. Supp. 1981). *See Starnes v. Taylor,* 272 N.C. 386, 158 S.E. 2d 339 (1968); *Watson v. Clutts,* 262 N.C. 153, 136 S.E. 2d 617 (1964).

Under our holding, it is unnecessary for us to discuss plaintiff's third assignment of error respecting the trial court's granting of defendants' motion to amend their answer to plead the one-year statute of limitations. Plaintiff's claim for relief is not barred by the statute of limitations. Nor is it necessary to further discuss this issue upon defendants' argument that the court erred in denying their motion for summary judgment.

2. This was also the standard in North Carolina prior to the statute. *McPherson v. Ellis,* 305 N.C. 266, 287 S.E. 2d 892 (1982).

**[3]** Defendants also contend that they are entitled to summary judgment because plaintiff relied solely upon the recommendation of her prior physician, Dr. Satterfield, in consenting to the radiation procedure. In plaintiff's verified complaint, properly considered by the court on defendants' motion for summary judgment, she stated that she saw defendant Patrick "to consider undergoing a course of elective radiation therapy." A genuine issue of material fact exists. *Development Corp. v. James*, 300 N.C. 631, 268 S.E. 2d 205 (1980); *Lowe's v. Quigley*, 46 N.C. App. 770, 266 S.E. 2d 378 (1980).

Moreover, under the facts of this case, defendants are the "health care providers" within the meaning of subsection (a)(1) of the statute. Dr. Satterfield was simply the referring physician. He was not a "health care provider" with respect to the radiation treatment. In order to receive the benefits of subsection (a)(1), defendants had a positive duty to obtain the informed consent of plaintiff to the radiation therapy in accordance with the subsection. They cannot shift their duty to Dr. Satterfield.

Absent the statute, defendants had the duty to obtain the informed consent of plaintiff before administering the radiation therapy to her. *Hunt v. Bradshaw, supra. See generally* W. Wadlington, J. Waltz and R. Dworkin, Cases and Materials on Law and Medicine 484-524 (1980).

Reversed.

Judges VAUGHN and HILL concur.