SHEARER, Louise, Ind. and as Administratrix of the Estate of Shearer, Vernon, Deceased, Appellant,

v.

UNITED STATES of America c/o Peter F. Vaira, U.S. Attorney, Appellee.

No. 83–1089.

United States Court of Appeals, Third Circuit.

March 7, 1984.

## SUR PETITION FOR REHEARING IN BANC

Before SEITZ, Chief Judge, ALDISERT, ADAMS, GIBBONS, HUNTER, WEIS, GARTH, HIGGINBOTHAM, SLOVITER and BECKER, Circuit Judges.

The petition for rehearing filed by the United States of America, appellee in the above-entitled case having been submitted to the judges who participated in the decision of this Court, 723 F.2d 1102, and to all other available circuit judges in the circuit in regular active service, and no judge who concurred in the decision having asked for rehearing, and a majority of the circuit judges of the circuit in regular active service not having voted for rehearing by the Court in banc, the petition for rehearing is denied. Judge Garth would grant the petition for rehearing for the reasons expressed in his panel dissent and in his statement that follows. Judge Adams would grant the petition for rehearing for the reasons expressed in his statement that follows. Judge Hunter and Judge Weis would grant the petition for rehearing.

## STATEMENT SUR DENIAL OF THE PETITION FOR REHEARING

ADAMS, Circuit Judge.

In my mind, the majority opinion in this case decides two questions of exceptional importance that deserve *in banc* considera-tion. The panel's affirmative answer to the first question, whether the intentional tort exception to the Federal Torts Claims Act, 28 U.S.C. § 2680(h), allows a claim against the government for a murder committed by an off-duty serviceman, brings this Court into conflict with the law of several other Circuits. *See, e.g., Wine v. United States*, 705 F.2d 366 (10th Cir.1983); *Hughes v. United States*, 662 F.2d 219 (4th Cir.1981). The panel's negative answer to the second question, whether the *Feres* doctrine precludes the kind of litigation that underlies this appeal, raises serious policy concerns about judicial review of military decisions. *See Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1980).

Because of the importance of the questions addressed on appeal and because of the tension that now exists among the Circuits, I believe that reconsideration *in banc* would be both appropriate and salutary.

GARTH, Circuit Judge.

The petition for rehearing notes that the majority's disposition of the issue on this appeal can be expected to increase the number of suits brought against the United States, particularly since the majority's holding has erroneously construed the broad language of section 2680(h), 28 U.S.C. § 2680(h), the intentional tort exception to the Federal Tort Claims Act. Moreover, all of the other Courts of Appeals which have considered the issue presented here have held that 2680(h) bars recovery of claims similar to Shearer's, even if those claims are couched in terms of negligence. Indeed, a case (*United States v. Shively*, 345 F.2d 294 (5th Cir.1965)) on which the panel majority relied to support its holding, i.e., that the exception does not pertain to Shearer, itself holds directly contrary to the panel's decision.

*Shively* holds expressly that Mrs. Shively, the victim (Sergeant Shively's recently divorced wife, whom the sergeant shot

twice with a pistol before ending his own life), could not recover against the United States because her claim was a "claim arising out of assault" and thus was specifically excepted from recovery under 2680(h). *Id.* at 296–97. Additionally, *Shively* also concluded that the negligent issuance of a .45 caliber pistol by Army personnel to an off-duty sergeant in civilian clothes, in violation of Army regulations, was *not* the proximate cause of injury to Mrs. Shively, the sergeant's wife. Despite this explicit holding that 2680(h) barred any recovery from a claim arising out of an intentional assault, the panel majority has referred to *Shively* in a manner which can be read as supporting its holding. As I have pointed out, however, here and in the panel dissent, *Shively's* holding is completely contrary to the panel majority's decision in this case. Thus, if for no other reason than to clear up a potential jurisprudential murkiness that surrounds the panel majority's holding in this important area of claims made under the Federal Tort Claims Act, I believe this case should receive the attention of the court as a whole.

For these reasons as well as the other reasons expressed in the panel dissent, and because there is a need for uniform construction and application of a congressional policy that has been expressed so strongly by statutory mandate (28 U.S.C. § 2680(h)), I believe en banc consideration is merited.

Thus, I vote to grant the Government's petition for rehearing of this appeal.