**Mary DOE, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**Civ. A. No. 84–1132–15.**

United States District Court,
D. South Carolina,
Columbia Division.

Filed Sept. 20, 1984.
Opinion Corrected Sept. 24, 1984.

Francis T. Draine, Columbia, S.C., John O. McDougall, Jan L. Warner, Sumter, S.C., for plaintiff.

Glen E. Craig, Asst. U.S. Atty., Columbia, S.C., for defendant.

## ORDER

HAMILTON, District Judge.

This matter is before the court upon the defendant United States of America's (hereinafter "U.S.A.") motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure due to this court's lack of subject matter jurisdiction. The defendant contends that the plaintiff's action is barred by the assault and battery and/or discretionary function exceptions to the Federal Tort Claims Act (hereinafter "FTCA"). 28 U.S.C. § 2680(a) and (h).

Mary Doe filed this action pursuant to the FTCA, 28 U.S.C. § 2671, et seq., to seek redress for various harms arising during a course of counseling by one Thomas F. Doherty, Major, United States Air Force from July, 1981, through July, 1982. Ms. Doe asserts six causes of action in her May 15, 1984, complaint: (1) breach of contract (2) breach of implied warranty in tort (3) assault or assault and battery (4) intentional or reckless infliction of emotional distress (5) medical malpractice (negligence) and (6) outrageous conduct (which involves the same allegations as # 4). As set forth by the plaintiff's affidavit of July 23, 1982, the claims arise out of three or four incidents where Major Doherty exposed himself to the plaintiff and suggested sexual acts or conduct between them during the course of his counseling of the plaintiff. It does not appear from the affidavit that the plaintiff was ever touched by Doherty, that she ever touched him, or that there was any participatory sexual conduct between the two.[1] However, the plaintiff did state in her affidavit that she "was very scared about what this man try on me...." The central issue in addressing the instant motion to dismiss is whether Major Doherty's conduct amounted to an assault or assault and battery or to medical malpractice (i.e. negligence).

As set forth in 28 U.S.C. § 2680(h):

The provisions of this chapter and section 1346(b) of this title shall not apply to—

(h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process....

The plaintiff, relying on the recent Fourth Circuit decision of *Andrews v. U.S.A.,* 732 F.2d 366 (4th Cir.1984), contends that the acts of Doherty constituted medical malpractice and not assault and battery. In *Andrews,* a physician's assistant, Warrant Officer Travis L. Gee, had sexual intercourse with the plaintiff therein after convincing her that it would be the best course of treatment for her severe depression. In addressing the assault and battery issue, the Fourth Circuit asserted:

[T]he Andrews' claim did not arise out of an assault and battery. In South Carolina the tort of assault arises "if reasonable fear of bodily harm has been caused by the conduct of the defendant." *Herring v. Lawrence Warehouse Co.* [222 S.C. 226] 72 S.E.2d 453, 458 (S.C.1952). Battery is defined as "the actual infliction of any unlawful, unauthorized violence on the person of another, regardless of its degree...." *Id.* No evidence supports the Government's contention battery.

1. For purposes of this motion, the court will assume that there was both an assault and a

that Gee assaulted Mrs. Andrews. Although some evidence supports the conclusion that Gee's initial physical contacts were unauthorized and offensive, those contacts were not the damaging acts. As the district court found, it was the sexual intercourse that occurred after Dr. Frost was alerted to Gee's improper advances that caused "irreparable emotional harm ... to both plaintiffs in this case." *We have accepted the district court's finding that Mrs. Andrews consented to engage in sex with Gee because she was induced to believe that it was the best course of treatment for her. Hence, the Andrews claim did not arise out of an assault or battery.* (emphasis added). *Id.*

The *Andrews* court then went on to review several other cases in which medical professionals seduced patients under the guise of therapy, concluding that sexual intercourse did not constitute assault and battery.

As the defendant herein points out, the instant case is distinguishable from *Andrews* and is, in the opinion of the court, more similar to the earlier Fourth Circuit decision of *Hughes v. United States,* 662 F.2d 219 (4th Cir.1981). In *Hughes,* the Fourth Circuit held that the government could not be sued under the FTCA for any damages arising out of a postal worker's taking sexual liberties with children. The court noted that even though the claims were framed in terms of negligence, they actually arose out of assault and battery committed by the postal worker.

■ In the instant case, Major Doherty exposed himself to the plaintiff intentionally, for the sole purpose of furthering his own self-interest. There is no evidence from which to conclude that the plaintiff thought Doherty's conduct was the best course for her own treatment. Ms. Doe's affidavit and her testimony at Doherty's Court Martial show that she believed that *he* had a problem which caused his alleged

exposure. (emphasis added). The conduct of Doherty, which by the plaintiff's own admission scared her, was an assault within the South Carolina definition of that offense just as if it had been committed by any other person.[2] The fact that Major Doherty was counseling the plaintiff, does not, in and of itself, convert his intentional tort into negligent medical treatment for the purposes of § 2680(h).

■ Additionally, as the Fourth Circuit found in *Andrews,* this court is of the opinion that Major Doherty's conduct was far beyond the scope of his employment and thus not within the coverage of the FTCA. In South Carolina, "before a master is responsible for the torts of his servant, the servant must not only be acting in the course of his employment, or within the scope of his authority, but must be actually engaged in his employer's business at the time of the injury." *Porter v. United States,* 128 F.Supp. 590, 595 (D.S.C.), *aff'd,* 228 F.2d 389 (4th Cir.1955). As set forth by the South Carolina Supreme Court in *Lane v. Modern Music,* 244 S.C. 299, 136 S.E.2d 713 (1964), "An act is within the scope of a servant's employment where reasonably necessary to accomplish the purpose of his employment and is in furtherance of the master's business."

■ As set forth in the Restatement of Agency:

§ 228. General Statement

(1) Conduct of a servant is within the scope of employment if, but *only if:*

(a) it is the kind he is employed to perform;

(b) it occurs substantially within the authorized time and space limits;

(c) *it is actuated, at least in part, by a purpose to serve the master; and*

(d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.

---

2. Even though the plaintiff asserts that she was "scared," intent to inflict injury (by the assaulting party) is not a necessary element of civil

assault in S.C. *Herring v. Lawrence Warehouse Co.,* 222 S.C. 226, 72 S.E.2d 453, 458 (1952).

(2) Conduct of a servant is *not* within the scope of employment if it is different in kind from that authorized, far beyond the authorized time or space limits, or *too little actuated by a purpose to serve the master.* (emphasis added).

Restatement (Second) of Agency § 228. Thus, in order to recover against a master under the doctrine of respondeat superior, a plaintiff must make some showing that the servant's actions were motivated in some part by a purpose to serve the master. *See also, Rabon v. Guardsmark, Inc.,* 571 F.2d 1277 (4th Cir.1978).

Nothing in the record suggests that Doherty's alleged exposures were a part of the plaintiff's counseling and thereby within the scope of his employment. As previously mentioned, the plaintiff herself felt that Doherty's sexual advances "had nothing to do with claimant's treatment." Plaintiff's Administrative Claim ¶ 11. It is clear that Major Doherty was only furthering his own self-interest when he allegedly exposed himself to the plaintiff and thus, was not acting within the scope of his employment as required by 28 U.S.C. § 1346(b) and § 2671 *et seq. Andrews,* 732 F.2d at 370.

The plaintiff next contends that the assault and battery bar of § 2680(h) has been superseded by the Medical Malpractice Immunity Act, 10 U.S.C. § 1089. That section provides in pertinent part:

(a) The remedy against the United States provided by section 1346(b) and 2672 of title 28 [Federal Tort Claims Act] for damages for personal injury, including death, caused by the negligent or wrongful act or omission of any physician, dentist, nurse, pharmacist, or paramedical or other supporting personnel ... of the armed forces ... in the performance of medical, dental, or related health care functions (including clinical studies and investigations) *while acting within the scope of his duties of employment* therein or therefor shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against such physician, ... or other supporting personnel ... whose act or omission gave rise to such action or proceeding. (emphasis added).

. . . .

(e) For purposes of this section, the provisions of section 2680(h) of title 28 shall not apply to any cause of action arising out of a negligent or wrongful act or omission in the performance of medical, dental, or related health care functions (including clinical studies and investigations).

■ Having determined that Major Doherty's conduct was not within the scope of his employment, the court concludes that § 1089 is inapplicable to the case at bar. Additionally, after a review of the legislative history of the Medical Malpractice Immunity Act, this court is of the opinion the § 1089(e) was enacted to cover the situation in which a medical malpractice claim, arising from lack of informed consent to specific treatment, is drafted as a technical assault and battery. *See, Nelson v. Patrick,* 58 N.C.App. 546, 293 S.E.2d 829 (N.C. App.1982); and *Bailey v. Belinfante,* 135 Ga.App. 574, 218 S.E.2d 289 (Ga.App.1975). Section 1089(e) was not enacted to nullify the exclusion of an intentional assault and battery from the provisions of the FTCA as found in 28 U.S.C. § 2680(h). H.R.Rep. No. 333, 94th Cong., 1st Sess. (1975).

■ The remaining issue involved in this motion to dismiss involves whether the plaintiff's remaining causes of action "arise out of" the alleged assaults and/or batteries. As set forth in *Klein v. United States,* 167 F.Supp. 410 (D.C.N.Y.1958), "any claim 'arising out of ... false imprisonment' is barred, obviously meaning that any claim originating from, incident to or having connection therewith is excluded." *Id.* at 412. It is clear that the gravaman of the plaintiff's complaint is the assault and battery claim and that the remaining causes of action for breach of contract,

breach of implied warranty,[3] intentional infliction of emotional distress, medical malpractice and outrageous conduct "arise from" Major Doherty's conduct in allegedly exposing himself to the plaintiff. *Hughes v. United States*, 662 F.2d 219 (4th Cir. 1981) (wherein the district court correctly dismissed suits against the U.S.A. for negligent supervision which, although framed in terms of negligence, actually arose out of assaults and batteries committed by a postal worker); *See also, Andrews, supra.*

For the foregoing reasons and based on the cited authorities, this court concludes that the defendant's motion to dismiss the complaint pursuant to 28 U.S.C. § 2680(h) and Rule 12(b)(1) of the Federal Rules of Civil Procedure should be granted.[4]

THEREFORE IT IS ORDERED that the defendant United States of America's motion to dismiss the complaint be, and the same hereby is, granted.

---

3. There is no jurisdictional basis in the FTCA for the assertion of a breach of contract claim or breach of implied warranty in tort against the U.S.A. The FTCA only consents to suits arising out of injury caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b).

4. Having concluded that the plaintiff's claim is barred by the provisions of 28 U.S.C. § 2680(h), the court need not address the defendant's "discretionary function" argument under 28 U.S.C. § 2680(a).