Ida **TURNER**, et al.

v.

**UNITED STATES of America.**

Civ. A. No. 84–1534.

United States District Court,
W.D. Louisiana,
Monroe Division.

Oct. 2, 1984.

Raymond L. Cannon, Tallulah, La., for plaintiffs.

Joseph S. Cage, Jr., U.S. Atty., John R. Halliburton, Asst. U.S. Atty., Shreveport, La., for defendant.

## RULING

NAUMAN S. SCOTT, District Judge.

This matter is before the Court on defendant's Motion to Dismiss pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure or, in the alternative, on a Motion for Summary Judgment pursuant to Rule 56, Fed.R.Civ.P.

The plaintiffs contend that due to the assault and battery, trespassing and invasion of privacy by an employee of the United States Army, as well as the negligence of the United States Army, they sustained damages in the amount of Four Hundred Forty Thousand ($440,000.00) Dollars. After their claim was administratively denied on December 22, 1983, the plaintiffs filed this action on June 7, 1984.

Specifically plaintiffs allege that on September 25, 1981, SFC William B. Suddth, while serving as a recruiter on behalf of the Louisiana National Guard, deceived four of them, all adult women, into believing that in order to join the Guard, they had to submit to complete physical examinations conducted on the spot by him as the recruiter, including examination of the rectum and genitals. Plaintiffs also claim that later, the mother of the four young women, and her husband, upon learning of these examinations, suffered great trauma and humiliation. All the plaintiffs seek monetary damage for assault and battery, and pain and humiliation because of the Government's negligence in the selection, training and supervision of Sgt. Suddth.

Defendant contends that this Court lacks subject matter jurisdiction over plaintiffs' claims. We agree.

Plaintiffs cite 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 1346(b) (Federal Tort Claims Act) as bases of jurisdiction for the Court to entertain this controversy. We find their reliance on these statutes misplaced.

Section 1343 of Title 28 U.S.C. only creates jurisdiction in the district courts to hear certain cases involving 42 U.S.C. § 1983 or Civil Rights violations. Absent an allegation of deprivation of rights under color of State law or a violation of any Act of Congress which protects civil rights, jurisdiction pursuant to § 1343 does not lie. *Howard v. State Dept. of Hwys. of Colorado*, 478 F.2d 581 (10th Cir.1973); *Karlin v. Clayton*, 506 F.Supp. 642 (D.Kan.1981). The plaintiffs herein have not alleged any deprivation of rights under color of State law nor violation of any Act of Congress which protects civil rights. Thus, this Court does not have jurisdiction pursuant to 28 U.S.C. § 1343.

Section 1346(b) of Title 28 U.S.C. states in pertinent part:

"... the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States for money damages ... for personal injury or death caused by the neglect or by wrongful act or omission of any employee of the Government while acting within the scope of his office or employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

At first glance, it would appear that plaintiffs' claim would fit under this section. However, Congress in 28 U.S.C. § 2680(h), specifically excepted acts from the Federal Tort Claims Act:

"... Section 1346(b) ... shall not apply to any claim arising out of assault, battery ... misrepresentation (or) deceit." Therefore, since plaintiffs' claims arise out of an assault, battery, misrepresentation or deceit, this Court lacks jurisdiction. *Lambertson v. United States*, 528 F.2d 441 (2nd Cir.1976), *cert. denied*, 426 U.S. 921, 96 S.Ct. 2627, 49 L.Ed.2d 374 (1976).

 That plaintiffs have also asked for damages for negligence on the part of the Government is of no moment. As defendant correctly contends, this is a case dealing exclusively with assault, battery, misrepresentation and/or deceit. One cannot escape these exceptions to the waiver of sovereign immunity under 28 U.S.C. § 2680(h) by merely labeling the cause of action something which it is not. *United States v. Faneca*, 332 F.2d 872, 875 (5th Cir.1964), *cert. denied*, 380 U.S. 971, 85 S.Ct. 1327, 14 L.Ed.2d 268 (1965); *Goodman v. United States*, 324 F.Supp. 167, 172 (M.D.Fla.1971), *aff'd*, 455 F.2d 607 (5th Cir. 1971).

Furthermore, the United States could only be held liable for negligence if Sgt. Suddth was acting within the scope of his office or employment. 28 U.S.C. § 1346(b). Clearly, the Sergeant was acting for purely personal reasons in giving the offending physical examinations. He has no such duty under Army regulations. *Dept. of the Army Documents* NGR 40–501 p. 2, NGR 600–200 p. 5–18.5. Thus we find he was acting outside the scope of his employment. *See, Mays v. Pico Finance Co.*, 339 So.2d 382, 385 (La.App. 2nd Cir. 1976).

Accordingly, since defendant's Motion to Dismiss for lack of subject matter jurisdiction is hereby GRANTED, we need not rule on its alternate theories.

### ORDER

For written reasons assigned this date, it is hereby

ORDERED, ADJUDGED AND DECREED that the above captioned action be DISMISSED with prejudice.

Alexandria, Louisiana, this 2d day of October, 1984.