John DOE, a minor, under the age of fourteen (14) years, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 3:84–1133–15.

United States District Court,
D. South Carolina,
Columbia Division.

March 6, 1985.

Francis T. Draine, Columbia, S.C., John O. McDougall, Jan L. Warner, Sumter, S.C., for plaintiff.

R. Emery Clark, Asst. U.S. Atty., Columbia, S.C., for defendant.

## ORDER

HAMILTON, District Judge.

This matter is before the court upon the defendant United States of America's (hereinafter "U.S.A.") motion to dismiss or in the alternative for summary judgment pursuant to Rules 12(b) and 56(b) of the Federal Rules of Civil Procedure. Although the attorney for the defendant did not delineate in his motion the specific provision of Rule 12(b) that he was proceeding under, the court determines that the appropriate basis for this motion lies in Rule 12(b)(1) which concerns the court's lack of subject matter jurisdiction.[1] The defend-

---

1. Because the motion is proper under Rule 12(b)(1), it will be considered as a motion to dismiss and not as a motion for summary judg-

ment; only Rule 12(b)(6) motions to dismiss for failure to state a claim are converted into Rule 56 motions under the provisions of Rule 12(b).

ant contends that the instant action is barred by the assault and battery exception to the Federal Tort Claims Act (hereinafter "FTCA") found in 28 U.S.C. § 2680(h). After a thorough review of the pleadings, affidavits in support of the motion, the various depositions and the applicable law, this court concurs with the defendant's position.

The minor plaintiff, John Doe, filed this action on May 15, 1984, pursuant to the FTCA, 28 U.S.C. § 2671, *et seq.*, to seek redress for alleged harms arising from a single incident occurring in the "Fall of 1981" at the Shaw Air Force Base Mental Health Clinic involving one Major Thomas F. Doherty, a clinical social worker.[2] The plaintiff asserted nine causes of action in his May 15, 1984 complaint arising from the December 16, 1981 incident: 1) breach of express and implied warranties relating to the fitness, training, experience, etc., of Major Thomas Doherty as a medical practitioner; 2) breach of implied warranty relating to the suitability and fitness of Major Doherty to perform as a clinical social worker; 3) assault or assault and battery; 4) intentional infliction of emotional distress; 5) negligence/medical malpractice; 6) outrageous conduct; 7) taking indecent liberties with the plaintiff; 8) contributing to the sexual delinquency of the plaintiff; and 9) violating the South Carolina Code of Laws prohibiting sexual conduct with a child. At the motions hearing held on March 1, 1985, the attorney for the plaintiff, Francis T. Draine, Esquire, informed the court that his client was abandoning all causes of action except the fifth for negligence and medical malpractice.

The issue, therefore, in this motion to dismiss for lack of subject matter jurisdiction is whether Major Doherty's conduct on December 16, 1981, amounted to assault or assault and battery or to medical malpractice (i.e. negligence). Claims for assault or

assault and battery against the United States are not cognizable under the Federal Tort Claims Act by virtue of the provisions of 28 U.S.C. § 2680(h). Specifically, § 2680(h) provides in pertinent part:

> The provisions of this chapter and section § 1346(b) of this title shall not apply to—
>
> (h) Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process. . . .

In accordance with the requirements of § 2675(a) of the Act, the plaintiff submitted the following administrative claim detailing the incident with Major Doherty on December 16, 1981:

> In approximately September or October 1981, claimant, who was having trouble controlling his temper at school, was taken to Major Thomas F. Doherty by the mother of the claimant, [name omitted]. Major Doherty asked claimant's mother to leave the room as Major Doherty wanted to talk to claimant alone. After claimant's mother left, Major Doherty asked claimant the size of claimant's penis. Maj. Doherty told claimant to show his penis so Maj. Doherty could see if the blood was flowing all right. Claimant pulled down his pants and exposed his penis. Maj. Doherty felt the inside of claimant's groin and penis using his fingers. Maj. Doherty was wearing rubber gloves on both hands which he had taken from his desk. Maj. Doherty had other physicians equipment in his office.

Additionally, in response to the Rule 16(b) interrogatories filed on May 15, 1984, as required by the court, the following account of the incident was given:

> *Interrogatory 1. State with particularity what you contend the Defendants did, or failed to do, which entitled you*

---

However, the court will consider materials outside the pleadings in determining the defendant's motion. 5 Wright and Miller, Federal Practice and Procedure §§ 1350 and 1364 (1969).

2. The complaint alleged that the "examination" in question occurred in September or October of 1981. However, the medical records of Shaw Air Force Base hospital reveal that the examination took place on December 16, 1981.

*to obtain the relief you seek in this action.*

*ANSWER:* Major Doherty held the position of Clinical Social Worker at Shaw Air Force Base. The plaintiff's mother took the Plaintiff to Major Doherty for an emotional problem involving a temper tantrum at the child's school. Major Doherty conducted a physical examination, *which was not authorized,* quizzed the Plaintiff about sexual matters, and touched or otherwise fondled the Plaintiff's genitals. (emphasis added).

Also, additional detail regarding the conduct complained of is found in the plaintiff's affidavit which was provided to the Air Force Office of Special Investigations on July 23, 1982. That affidavit provides in pertinent part:

I am presently 11 years old with a birth date of 16 Jan 71. Sometime during Sept-Oct 81 I went to see Dr. Doherty, at the mental health Clinic, SAFB, for a problem I was having controlling my temper at school. Dr. Doherty talked to me in the presence of my mother and told me I should not throw books in school. As it was getting close to the time for me to go Dr. Doherty asked my mother to leave the room and he wanted to talk to me alone for awhile. After my mother left he asked me how big my penis was and told me to come to his desk where he was sitting. I told him I did not know how big my penis was and moved to his desk as he had asked. He then told me to show him my penis so he could check to see if the blood was flowing alright. I pulled my pants down and exposed my penis to him. He then felt of the inside of my groin area and of my penis, using his fingers. He did this for only a few seconds and then told me to pull up my pants that it was time for me to go. At the time Dr. Doherty felt my penis he was wearing rubber gloves on both hands. Prior to signing this statement my mother read and approved of it.

In paragraph ten (10) of the complaint, the plaintiff outlines Major Doherty's conduct only in terms of an "unauthorized and illegal physical examination" and an "unlawful touching designed to satisfy his [Doherty's] prurient interests." Only in response to the motion to dismiss has the plaintiff attempted to re-cast the conduct complained of in an effort to allege a "medical malpractice" claim.

██ Major Doherty was a clinical social worker at the Mental *Health* Clinic at Shaw Air Force Base (emphasis added). However, the mere subliminal associations with the health care profession that the title "health clinic" may engender cannot convert a classic instance of assault and battery into negligent medical treatment for purposes of avoiding the jurisdictional bar that Congress enacted in § 2680(h). As noted by this court in the companion case to the instant action, *Mary Doe v. United States of America,* 618 F.Supp. 503 (D.S.C.1984), "The fact that Major Doherty was counseling the plaintiff, does not, in and of itself, convert his intentional tort into negligent medical treatment for the purposes of § 2680(h)."

But for the different profession of the federal employee (i.e. a postal worker v. a clinical social worker) and the location where the acts complained of took place (i.e. a postal truck v. an office), this case is factually analogous to the Fourth Circuit decision of *Hughes v. United States,* 662 F.2d 219 (4th Cir.1981). In *Hughes,* a United States postal worker lured two children into his postal truck and took indecent sexual liberties with them. In affirming the district court's dismissal of the suit under 28 U.S.C. § 2680(h), the court noted that even though the claims were framed in terms of negligence, they actually arose out of an assault and battery committed by the postal worker.

Similarly, in the recent case of *Ida Turner v. United States of America,* 595 F.Supp. 708 (W.D.La.1984), the District Court for the Western District of Louisiana held that a suit based upon the actions of a National Guard recruiter was barred by the assault and battery exemption of § 2680(h). In *Turner,* the recruiter deceived four

adult women into believing that in order to join the Guard, they had to submit to complete physical examinations conducted on the spot by him, including examination of the rectum and genitals. In dismissing the suit for lack of subject matter jurisdiction, the court held:

That plaintiffs have also asked for damages for negligence on the part of the Government is of no moment. As defendant correctly contends, this is a case dealing exclusively with assault, battery, misrepresentation and/or deceit. One cannot escape these exceptions to the waiver of sovereign immunity under 28 U.S.C. § 2680(h) by merely labeling the cause of action something which it is not. *United States v. Faneca*, 332 F.2d 872, 875 (5th Cir.1964), *cert. denied*, 380 U.S. 971 [85 S.Ct. 1327, 14 L.Ed.2d 268] (1965); *Goodman v. United States*, 324 F.Supp. 167, 172 (M.D.Fla.1971), *aff'd*, 455 F.2d 607 (5th Cir.1971).

Furthermore, the United States could only be held liable for negligence if Sgt. Suddth was acting within the scope of his office or employment. 28 U.S.C. § 1346(b). Clearly, the Sergeant was acting for purely personal reasons in giving the offending physical examinations. He has no such duty under Army regulations. *Dept. of the Army Documents* NGR 40–501 p. 2, NGR 600–200 p. 5–18.-5. Thus we find he was acting outside the scope of his employment. *See, Mays v. Pico Finance Co.*, 339 So.2d 382, 385 (La.App. 2nd Cir.1976).

In the instant case, the plaintiff contends (paragraph ten (10) of the complaint), and the defendant admits (paragraphs nine (9) and ten (10) of the answer), that Major Doherty, as a clinical social worker, was not authorized to conduct physical examinations. This point is supported by Air Force Regulation 160–12 and the affidavit of the hospital commander of Shaw Air Force Base Hospital, Colonel Leroy E. Weeks. Colonel Weeks' affidavit provides in pertinent part: "In 1981 there was nothing in U.S. Air Force Regulations, or in Shaw Air Force Base Hospital procedures, which would have authorized Maj. Doherty to do more than counsel and evaluate John Doe in accord with Paragraph 35, AFR 160–12, 7 October 1977 . . . ."

South Carolina law defines the tort of battery as "the actual infliction of any unlawful, *unauthorized* violence on the person of another, irrespective of degree," (emphasis added). *Herring v. Lawrence Warehouse Co.*, 222 S.C. 226, 72 S.E.2d 453, 458 (1952). Additionally the South Carolina Supreme Court held in *Herring* that intent by the assaulting party is not a necessary element of civil assault in this state. There need only be the creation of reasonable fear in the mind of the assaulted party. To now attempt to convert the isolated incident of December 16, 1981, reprehensible as it may be, from an intentional assault and battery by Major Doherty to medical practice would be an act of legal socery. The facts simply do not support any claim other than one for assault and or battery.

 Additionally, as in *Turner, supra*, and in the recent Fourth Circuit decision of *Andrews v. U.S.A.*, 732 F.2d 366 (4th Cir. 1984), the acts of the government employee herein were far beyond the scope of his employment and thus, not within the coverage of the FTCA. In this state, "An act is within the scope of a servant's employment where reasonably necessary to accomplish the purpose of his employment and is in furtherance of the master's business." *Lane v. Modern Music*, 244 S.C. 299, 136 S.E.2d 713 (1964). The plaintiff alleged in paragraph ten (10), subsection "E." of the complaint that "Major Doherty engaged in sexual conduct or patently offensive conduct to satisfy his prurient interests upon the Plaintiff, a minor child." This court agrees with the plaintiff's observation. As the court held in the *Mary Doe* case, *supra*, "[i]t is clear that Major Doherty was only furthering his own self-interest [in conducting the physical examination] and thus, was not acting within the scope of his employment as required by 28 U.S.C.

§ 1346(b) and § 2671 *et seq. Andrews,* 732 F.2d at 370." [3]

▮ In addition to the foregoing, the court is also of the opinion that the plaintiff's alleged "medical malpractice" claim is jurisdictionally barred by the provisions of 28 U.S.C. § 2675(a).[4] That section provides in pertinent part:

 a) An action shall not be instituted upon a claim against the United States for money damages ... *unless the claimant shall have first presented the claim to the appropriate federal agency....* (emphasis added).

In order to comply with § 2675(a), a claimant must 1) give the agency written notice of his or her claim sufficient to enable the agency to investigate and 2) place a value on his or her claim. *Adams v. United States,* 615 F.2d 284, 289 (5th Cir.1980). After thoroughly reviewing the plaintiff's administrative claim in the instant action (as previously quoted herein), the court finds that the claim of a sexual assault and battery could not possibly have apprised the government of the plaintiff's allegations of "medical malpractice." The first notice of the plaintiff's specific allegations of "medical malpractice" came in a December 14, 1984 letter from the plaintiff's attorney, Mr. Draine, to the defendant's attorney. In that letter, counsel for the plaintiff outlined four instances where it contended Major Doherty had deviated from a reasonable standard of care as follows:

 A. A patient who presents an alleged issue concerning his sexual development during the pre-puberty or puberty period of his life should be handled with a great deal of care. The patient should be in structured therapy for his alleged condition. There should be no touching of the patient.

 B. The Defendant's agent should not have conducted any physical examination regardless of his motive (i.e. child abuse investigation or checking patient's penis).

 C. If the Defendant suspected child abuse, it was his duty to transfer the child to a medical doctor for examination and treatment.

 D. The Defendant's agent should never have conducted any physical examination to take a pulse in the groin.

Assertions "A." dealing with structured therapy and "C." dealing with the issue of suspected child abuse are clearly claims not presented in the plaintiff's administrative filing and are thus barred by § 2675(a).[5] *See, Bush v. United States,* 703 F.2d 491, 495 (11th Cir.1983); and *Emch v. United States,* 630 F.2d 523, 526–528 (7th Cir. 1980).

For the foregoing reasons and based on the cited authority,

IT IS THEREFORE ORDERED that the complaint be, and the same hereby is, dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

---

**3.** Having concluded that Major Doherty was not acting within the scope of his authority, the court holds, as it did in *Mary Doe, supra,* that the Medical Malpractice Immunity Act, 10 U.S.C. § 1089, has no application whatsoever to the instant case. For a more thorough discussion of this point see *Mary Doe v. U.S.A.,* 618 F.Supp. 503, 506–07 (D.S.C.1984).

**4.** If, in fact, his negligence/medical malpractice claim is *not* but an attempt to re-label an assault and battery claim.

**5.** Plaintiff's counsel asserted in the December 14, 1984 letter that the plaintiff's expert, Dr. Diane Follingstad, would give her opinions as to issues "A."-"C." However, a review of Dr. Follingstad's deposition reveals: 1) that she has no expert opinion as to whether John Doe should be in structured therapy (Depo. pp. 17, 25–26); 2) that she can not state any opinion as to when any report of alleged abuse of the plaintiff was reported to Major Doherty or whether the plaintiff's alleged injuries flowed from the failure of the United States to treat John Doe for child abuse. (Depo. pp. 43, 45–46); and 3) that she has never seen or examined John Doe (Depo. pp. 18, 19–20).