DANIEL L. RIDDLE AND WIFE, JUDY J. RIDDLE; FIRST TITLE INSURANCE COMPANY, PLAINTIFFS v. SARAH BETH BURNETT NELSON, DEFENDANT AND THIRD-PARTY PLAINTIFF v. J. WATTS COPLEY, ROBERT W. YOUNG, GELBERT POOLE AND ASSOCIATES, P.A. AND LARRY W. POOLE, THIRD-PARTY DEFENDANTS

No. 8610SC654

(Filed 17 March 1987)

**Deeds § 22— covenant of seisin—action for breach—summary judgment improper**
    In an action for breach of a covenant of seisin, a genuine issue of fact existed as to whether defendant, contrary to plaintiffs' allegation, owned the segment of land in question when she delivered the deed, and the trial court therefore erred in entering summary judgment for defendant.

    Judge ARNOLD concurs only in the result.

APPEAL by plaintiffs from *Read, Judge*. Order entered 7 January 1986 in Superior Court, WAKE County. Heard in the Court of Appeals 9 December 1986.

Plaintiffs' appeal is from an order of summary judgment dismissing their suit for damages allegedly caused by defendant

Sarah Beth Burnett Nelson not owning a certain parcel of land that she sold to the plaintiffs Riddle. The order, holding that no genuine issue exists as to any material fact and giving defendant judgment as a matter of law, was entered following the presentation of affidavits, deeds, maps and other evidence which when viewed in the most favorable light for the non-movant plaintiffs was largely to the following effect:

In 1973 defendant and her late husband acquired title to an 88.58 acre tract of Durham County land situated on Olive Branch Road, which generally runs north to south at that place, and they thereafter conveyed portions of the tract to the Rays, the Murphys, the Boisseaus, Rocking Horse Estates, Inc., and others. On 27 October 1983 the defendant widow conveyed the remnant of the tract to the plaintiffs Riddle by a warranty deed containing the usual covenants, including a covenant of *seisin*. The deed describes the property conveyed as containing 10 acres more or less and being somewhat U shaped with two different 120 foot wide prong-like segments fronting on Olive Branch Road; and the deed, along with other evidence, indicates that the wedge of land between the two prong-like segments is several hundred feet wide, the northern part of which belongs to the Murphys and the southern to the Riddles by an earlier purchase from the Nelsons. The defendant's deed describes the southernmost segment, the existence of which is not disputed, as being bordered on the south by land of the Boisseaus and on the north by the earlier tract acquired by the Riddles; and it describes the northern segment, the one at issue here, as being bordered on the north by the land of E. C. Ray, Jr. and on the south by the land of James Murphy and wife. Some months later a survey was done, which indicated that the northernmost 120 foot road frontage segment could not be located on the ground and was included in lands that the Nelsons deeded to the Murphys earlier, but that the land received by the Riddles still amounted to about 10 acres. Upon further inquiry the Riddles learned that the Murphys claimed to own and were occupying the disputed segment and were unwilling to sell it. Because of the shape of the tract and the Riddles' plans for it, more road access was needed and they bought a 90 foot wide segment of land fronting on Olive Branch Road from the Rays for $12,000 and they incurred other expenses in the transaction amounting to several more thousand dollars. The plaintiff insurance company,

which had insured the title to the land purchased by the Riddles, investigated these developments, though to what extent the record does not show, and paid the Riddles $14,039.25 by two checks — one for $12,000.00 marked as partial settlement of their claim under the policy, the other for $2,039.25 marked as the cost of surveying under the policy. Both plaintiffs thereafter demanded certain payments of the defendant and when she refused to pay this suit was brought on 2 May 1985.

Plaintiffs' complaint alleges in substance that: Defendant had breached the covenants of *seisin*, right to convey, and freedom from incumbrances, in that the defendant did not convey to the Riddles the 120 foot road frontage segment described in the deed; that because of the segment's absence the Riddles had to buy other road frontage at a total cost, including attorneys' fees, survey costs and other expenses, of approximately $18,000 and were damaged beyond that sum in an unspecified amount; that the plaintiff insurance company had paid some money to the Riddles under their title policy and both plaintiffs are entitled to recover damages of defendant. The defendant by her answer admitted the land sale and conveyance, but denied the other principal allegations of the complaint and asserted the following defenses *inter alia*: That the Riddles received the quantity of land stated in the deed; that the Riddles had suffered no damage because their losses, if any, had been paid by the insurance company; and that the insurance company's payment was not recoverable because its policy did not cover survey errors.

*Boxley, Bolton & Garber, by Ronald H. Garber, for plaintiff appellants.*

*Glenn and Bentley, by Robert B. Glenn, Jr. and Stewart W. Fisher, for defendant and third-party plaintiff appellee Sarah Beth Burnett Nelson.*

*No briefs filed by third-party defendant appellees.*

PHILLIPS, Judge.

The order appealed from has no foundation and in entering it the court apparently misperceived both the nature of plaintiffs' action and the office of summary judgment. A covenant of *seisin* in a general warranty deed is a covenant that the grantor has ti-

tle to the land conveyed at the time the deed is delivered and the covenant is breached upon delivery if the grantor does not then have title. *Newbern v. Hinton*, 190 N.C. 108, 129 S.E. 181 (1925); *Price v. Deal*, 90 N.C. 290 (1884). Plaintiffs' allegation that one of the 120 foot road frontage segments defendant Nelson deeded to them cannot be located on the ground and that her covenant of *seisin* was thereby breached is in effect an allegation that defendant convenanted that she owned the parcel of land referred to, but in fact did not do so. 5 Strong's N.C. Index 3d, *Deeds* Sec. 22 (1977). Having asked the court by her motion to dismiss plaintiffs' action as a matter of law pursuant to Rule 56, N.C. Rules of Civil Procedure, defendant had the burden of showing by affidavits, discovery, or other evidence that she is entitled to the order sought. *First Federal Savings & Loan Association v. Branch Banking & Trust Company*, 282 N.C. 44, 191 S.E. 2d 683 (1982). In sustaining that burden defendant was obliged to show by uncontradicted evidence either that plaintiffs cannot prove some essential element of their case, or that defendant has an insurmountable defense to it, or that plaintiffs' action is legally deficient in some other respect. In the absence of such proof plaintiff was not required to show anything at the hearing; for in a hearing on a motion for summary judgment the non-movant, unlike a plaintiff at trial, does not have to automatically make out a *prima facie* case, but only has to refute any showing made that his case is fatally deficient. *Hall v. Funderburk*, 23 N.C. App. 214, 208 S.E. 2d 402 (1974). Yet the recorded evidence in this case contains no indication either that plaintiffs cannot prove their case or that defendant has an insurmountable defense to it, or that plaintiffs' claim is otherwise fatally deficient. The making of the covenant of *seisin* being established by defendant's admission that she executed and delivered the deed involved, and it being obvious from the record that none of the defenses asserted in the answer has any legal or evidentiary support, *the only real issue before the trial court was whether the evidence presented showed that defendant did not breach the covenant in that, contrary to plaintiffs' allegation, she owned the segment of land when the deed was delivered.* Yet the record herein contains no indication whatever that defendant had clear title to the segment when the deed was delivered, and there is no argument in defendant's brief that she did. What defendant did argue as dispositive of the case, and apparently the trial court agreed based upon irrelevant decisions in-

volving eviction, ouster and the wrongful claims of strangers, is that the record does not show that the Murphys have superior title to the segment they refused to let the Riddles occupy. But though the Murphy's title is an incidental issue in the case it was not the determinative issue before the court; and contrary to defendant's argument the record does not establish that the Murphys do not have superior title to the disputed segment. For, as is usually the case in disputes about the boundaries of land, the many deeds, maps, surveys and other evidence presented at the hearing do not necessarily lead to just one conclusion; they contain differently phrased descriptions, and in comparing and attempting to reconcile them, different deductions can be made. Which is why the location of boundaries in disupted land title cases is usually a question of fact for the jury. *Cutts v. Casey*, 271 N.C. 165, 155 S.E. 2d 519 (1967).

The other grounds that possibly could sustain the judgment require little discussion. The action is not barred by the statute of limitations since it was filed within twenty months after the deed was delivered and the claim for breach of *seisin* accrued, and according to *Shankle v. Ingram*, 133 N.C. 255, 45 S.E. 578 (1903), the ten-year statute applies to actions based upon covenants in a deed. Defendant's claim that the Riddles have no right to redress since they received as much land, 10 acres more or less, as the deed called for has no legal foundation, because a purchaser of real estate by warranty deed in this state, nothing else appearing, is entitled to receive title to the specific land described in the deed. *Wilson v. Forbes*, 13 N.C. 30 (1828-30). And defendant's claim that plaintiffs Riddle cannot recover because all their damages, if they suffered any, had been fully paid by the insurance company is unsupported by evidence, as is the allegation that the title insurance company has no standing in the case to enforce its subrogation rights because the policy involved does not cover matters of survey. And, finally, though the record contains some indication, though not with the clarity and certainty that summary judgment requires, that the call for the disputed 120 foot segment may have been included in the deed description because of an earlier surveyor's or scrivener's error, that is no defense to plaintiffs' suit unless the mistake was mutual, *Walls v. Merchants Fire Assurance Corp.*, 206 N.C. 903, 173 S.E. 23 (1934); and mutual mistake is neither alleged nor indicated by the evidence.

The order of summary judgment is vacated and the matter remanded to the Superior Court for a trial on the issues raised by the pleadings.

Vacated and remanded.

Judge ORR concurs.

Judge ARNOLD concurs only in the result.