REBECCA FOARD v. WAYNE JARMAN, M.D.

No. 8822SC587

(Filed 2 May 1989)

**1. Physicians, Surgeons, and Allied Professions § 13— medical malpractice — statute of limitations — summary judgment inappropriate**

The trial court erred in entering summary judgment for defendant surgeon on the basis of the statute of limitations in plaintiff's medical malpractice action based on lack of informed consent for gastric reduction surgery where (1) defendant presented no evidence of when plaintiff discovered or should have discovered she was injured by defendant's alleged failure to obtain her informed consent and thus failed to show that plaintiff was not entitled to the one year from discovery extension of the primary three year statute of limitations established by N.C.G.S. § 1-15(c) for injuries which are not readily apparent, and (2) the action was filed within the four year statute of repose set forth in that statute.

**2. Physicians, Surgeons, and Allied Professions § 17.1— medical malpractice — informed consent — summary judgment inappropriate**

The trial court erred in entering summary judgment for defendant surgeon on the issue of informed consent in a malpractice action where there was no evidence that defendant's procurement of plaintiff's consent for gastric reduction surgery was in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities, and there was no determination as to whether a reasonable person would have undergone the surgery if properly advised of its risks. N.C.G.S. § 90-21.13(a)(1)-(3).

**3. Limitation of Actions § 8.3; Physicians, Surgeons, and Allied Professions § 17.1— medical malpractice — consent to surgery — fraud — statute of limitations**

The trial court properly entered summary judgment for defendant surgeon on the issue of whether plaintiff's written consent for gastric reduction surgery was obtained by defendant's fraudulent misrepresentations as to his experience with

this type of surgery where plaintiff's evidence showed that her action was filed more than three years after she learned of defendant's alleged misrepresentations and thus was barred by the three year statute of limitations of N.C.G.S. § 1-52(9).

**4. Physicians, Surgeons, and Allied Professions § 17— medical malpractice—surgery and care—summary judgment for defendant**

Summary judgment was properly entered for defendant surgeon in a medical malpractice action based on negligence in the performance of gastric reduction surgery on plaintiff and care of plaintiff after surgery where defendant offered evidence through the affidavit of another physician that he had in all respects complied with the standard of care in the community in rendering professional services to plaintiff, and plaintiff came forward with no evidence to refute defendant's showing.

**5. Physicians, Surgeons, and Allied Professions § 16— medical malpractice—res ipsa loquitur inapplicable**

Plaintiff failed to show that the doctrine of *res ipsa loquitur* applied to preclude summary judgment for defendant surgeon in a medical malpractice claim based on negligence where plaintiff failed to present a forecast of expert testimony to show that her injuries were of a type that do not ordinarily occur in the absence of a negligent act or omission, and common experience and knowledge would not be sufficient to evaluate whether the injuries would ordinarily occur in the absence of negligence.

**6. Physicians, Surgeons, and Allied Professions § 18— leaving needle in patient's body—insufficient evidence—summary judgment**

Summary judgment was properly entered for defendant surgeon in a medical malpractice claim based on leaving a needle inside plaintiff's body where there was evidence that a nurse notified defendant during surgery that the needle count was incorrect, but there was no evidence that a needle was found in plaintiff's body.

Judge COZORT concurring in part and dissenting in part.

APPEAL by plaintiff from *Collier (Robert A., Jr.), Judge.* Order entered 5 January 1988 in Superior Court, IREDELL County. Heard in the Court of Appeals 9 December 1988.

*Hall and Brooks, by John E. Hall and W. Andrew Jennings, for plaintiff-appellant.*

*Wade and Carmichael, by R. C. Carmichael, Jr., for defendant-appellee.*

GREENE, Judge.

Plaintiff filed this medical malpractice action to recover damages for alleged lack of informed consent, fraud, and negligence. The trial court granted defendant's motion for summary judgment. Plaintiff appeals.

The undisputed evidence at the hearing on the summary judgment motion tends to show: Plaintiff, Rebecca Foard, went to see defendant, Dr. Wayne Jarman, about her weight problem. Plaintiff and defendant discussed the possibility of plaintiff undergoing gastric reduction surgery, a procedure which causes weight loss by limiting the amount of food a person can consume at one time. Gastric reduction surgery involves creating a small one-ounce pouch in the stomach with a staple gun. Defendant gave plaintiff a booklet on the procedure and the risks involved in the surgery and asked her to take it home and read it. Plaintiff decided to have the surgery and signed a consent form on 12 August 1982 stating she completely understood the nature and consequences of the surgery.

Two days following the first surgery, which occurred on 13 August 1982, plaintiff developed a fever and went into shock. Defendant performed a second operation on 17 August 1982 and discovered a perforation near the staple line which in defendant's opinion was the cause of her illness. Concurrent with the second operation, defendant discovered plaintiff had renal failure and thereafter transferred plaintiff to Baptist Hospital because the defendant anticipated plaintiff might need a dialysis machine which was not then available at Iredell Memorial Hospital.

During the second operation, a nurse notified defendant that the needle count was incorrect. The wound was still open and defendant inspected the abdomen but did not find a needle. Defendant

FOARD v. JARMAN

[93 N.C. App. 515 (1989)]

and the nurses also searched the immediate area but no needle was found. After the wound was closed, an x-ray was taken which failed to show a needle in the plaintiff.

Following her discharge from the hospital after the second surgery, plaintiff began gaining weight. Plaintiff continued to see the defendant at his office until which time defendant did an upper gastro intestinal x-ray series. This procedure showed that the staple line had become disrupted and that there was no longer a functioning pouch present.

---

The issues presented for review are whether the trial court erred in granting defendant's motion for summary judgment I) on the issue of lack of informed consent; II) on the issue of fraud; and III) on the issue of negligence.

A party is entitled to summary judgment if he can show "through pleadings and affidavits, that there is no genuine issue of material fact requiring a trial and that he is entitled to judgment as a matter of law." *Hagler v. Hagler*, 319 N.C. 287, 289, 354 S.E. 2d 228, 231 (1987). The burden of establishing the lack of a genuine issue of material fact lies upon the movant. *Boyce v. Meade*, 71 N.C. App. 592, 593, 322 S.E. 2d 605, 607 (1984), *disc. rev. denied*, 313 N.C. 506, 329 S.E. 2d 390 (1985). The movant may meet this burden "by showing the nonexistence of an essential element of the plaintiff's cause of action or by showing, through discovery, that plaintiff cannot provide evidence to support an essential element." *Durham v. Vine*, 40 N.C. App. 564, 566, 253 S.E. 2d 316, 318 (1979). All the evidence must be viewed in the light most favorable to the party against whom summary judgment is sought. *Id.* at 566, 253 S.E. 2d at 318-19. If the moving party meets his burden, the non-moving party "must in turn either show that a genuine issue of material fact exists for trial or must provide an excuse for not so doing." *City of Thomasville v. Lease-Afex, Inc.*, 300 N.C. 651, 654, 268 S.E. 2d 190, 193 (1980). "If the moving party fails in his showing, summary judgment is not proper regardless of whether the opponent responds." *Id.; Caldwell v. Deese*, 288 N.C. 375, 379, 218 S.E. 2d 379, 381-82 (1975) (non-movant not required to introduce evidence at summary judgment unless "movant's forecast, considered alone . . . [is] such as to establish his right to judgment as a matter of law").

**FOARD v. JARMAN**

[93 N.C. App. 515 (1989)]

I

Plaintiff alleged in her complaint defendant was negligent in that he "failed to warn the plaintiff of the seriousness of the surgical procedure." Plaintiff's claim is an action for malpractice and is "based upon the alleged failure of defendants to reasonably disclose to her the various choices with respect to the proposed treatment and the dangers inherently and potentially involved in the treatment." *Nelson v. Patrick*, 58 N.C. App. 546, 548-49, 293 S.E. 2d 829, 831 (1982). This tort is commonly referred to as "lack of informed consent" and plaintiff "must first prove that the doctor breached a duty properly to inform the patient of the risks and benefits of a proposed procedure and must then prove that the negligence of the doctor was a proximate cause of the injury to the patient." *Dixon v. Peters*, 63 N.C. App. 592, 596, 306 S.E. 2d 477, 480 (1983). Because plaintiff's cause of action is one for professional malpractice, the applicable statute of limitations is found in N.C.G.S. Sec. 1-15(c) (1983). *Black v. Littlejohn*, 312 N.C. 626, 628, 325 S.E. 2d 469, 472 (1985).

A

[1] We first determine if the claim based on lack of informed consent is barred by the statute of limitations, as was pled by the defendant.

On 13 August 1982, defendant performed the first surgery on the plaintiff pursuant to a written authorization signed by the plaintiff on 12 August 1982. This action for medical malpractice based on lack of informed consent was filed on 12 August 1986, within four years after the surgery.

The question presented is whether the plaintiff qualifies under N.C.G.S. Sec. 1-15(c) (1983) for a one-year extension of the primary three-year statute of limitations established by the statute.

N.C.G.S. Sec. 1-15(c) (1983) provides:

Except where otherwise provided by statute, a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action: Provided that whenever there is bodily injury to the person, economic or monetary loss, or a defect in or damage to property which

originates under circumstances making the injury, loss, defect or damage not readily apparent to the claimant at the time of its origin, and the injury, loss, defect or damage is discovered or should reasonably be discovered by the claimant two or more years after the occurrence of the last act of the defendant giving rise to the cause of action, suit must be commenced within one year from the date discovery is made: Provided nothing herein shall be construed to reduce the statute of limitation in any such case below three years. Provided further, that in no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action: Provided further, that where damages are sought by reason of a foreign object, which has no therapeutic or diagnostic purpose or effect, having been left in the body, a person seeking damages for malpractice may commence an action therefor within one year after discovery thereof as hereinabove provided, but in no event may the action be commenced more than 10 years from the last act of the defendant giving rise to the cause of action.

N.C.G.S. Sec. 1-15(c) provides for a minimum three-year statute of limitations. *Black*, 312 N.C. at 634, 325 S.E. 2d at 475. The statute affords two exceptions to the three-year statute of limitations. *Id.* at 635, 325 S.E. 2d at 475.

[(1)] an additional one-year-from-discovery period for injuries "not readily apparent" subject to a four-year period of repose commencing with defendant's last act giving rise to the cause of action; and

[(2)] an additional one-year-from-discovery period for foreign objects subject to a ten-year period of repose again commencing with the last act of defendant giving rise to the cause of action.

*Id.* at 634, 325 S.E. 2d at 475.

As the alleged injury here is not one of a foreign object left in plaintiff's body, to qualify for the "one-year-from-discovery" extension, plaintiff's injury must have been "not readily apparent." Injuries allegedly sustained by virtue of the "lack of informed consent" are "not readily apparent" until plaintiff discovers or "in the exercise of reasonable care, should [discover] . . . that [she] . . . was injured as a result of defendant's wrongdoing." *Id.* at

642, 325 S.E. 2d at 480. Discovery of the injury does not occur in a legal sense, "[u]ntil plaintiff discovers the wrongful conduct of the defendant." *Black* at 639, 325 S.E. 2d at 478. When the evidence is not conclusive or is conflicting, the question of when the plaintiff first discovered or should have discovered that she was injured as a result of the defendant's alleged negligence in failing to properly inform the plaintiff of the risks involved in the surgery is one of fact for the jury and summary judgment is inappropriate. *See Ballenger v. Crowell*, 38 N.C. App. 50, 60, 247 S.E. 2d 287, 295 (1978) (question of whether injury was "readily apparent" was question for the jury and not one for summary judgment).

While the record does show the plaintiff learned just after her second surgery in 1982 that she "was pretty much messed up inside," as a result of her first surgery, this knowledge is unrelated to the issue of the lack of informed consent. At the summary judgment hearing, the defendant, who had the burden of proof, offered no evidence on the issue of when plaintiff discovered or should have discovered she was injured as a result of defendant's alleged act of negligently informing plaintiff of the risks of the surgery and accordingly the plaintiff was not obligated to come forward with any evidence. *See Thomasville*, 300 N.C. at 654, 268 S.E. 2d at 193 (if moving party fails in his burden, summary judgment is inappropriate regardless of whether opponent responds). Furthermore, as the surgery of 13 August 1982 was the last act giving rise to this cause of action for lack of informed consent, the action was filed within the four-year statute of repose. *See Black*, 312 at 629, 325 S.E. 2d at 472 (statute of repose begins to run on "lack of informed consent" action from date of surgery). Accordingly, summary judgment cannot be granted based on this evidence for plaintiff's failure to comply with the statute of limitations.

B

N.C.G.S. Sec. 90-21.13 (1985) governs causes of action based upon lack of informed consent. That statute provides in pertinent part:

(a) No recovery shall be allowed against any health care provider upon the grounds that the health care treatment was rendered without the informed consent of the patient or the

patient's spouse, parent, guardian, neareast relative or other person authorized to give consent for the patient where:

(1) The action of the health care provider in obtaining the consent of the patient or other person authorized to give consent for the patient was in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities; and

(2) A reasonable person, from the information provided by the health care provider under the circumstances, would have a general understanding of the procedures or treatments and of the usual and most frequent risks and hazards inherent in the proposed procedures or treatments which are recognized and followed by other health care providers engaged in the same field of practice in the same or similar communities; or

(3) A reasonable person, under all the surrounding circumstances, would have undergone such treatment or procedure had he been advised by the health care provider in accordance with the provisions of subdivisions (1) and (2) of this subsection.

(b) A consent which is evidenced in writing and which meets the foregoing standards, and which is signed by the patient or other authorized person, shall be presumed to be a valid consent. This presumption, however, may be subject to rebuttal only upon proof that such consent was obtained by fraud, deception or misrepresentation of a material fact.

This statute codifies the standard of care required of health care providers as it relates to disclosure to patients of the various choices of treatment and the dangers and risks involved in the treatment. *Azzolino v. Dingfelder*, 315 N.C. 103, 123, 337 S.E. 2d 528, 540 (1985) (Martin, J., concurring in part and dissenting in part), *cert. denied*, 479 U.S. 835, 107 S.Ct. 131, 93 L.Ed. 2d 75 (1986), *reh'g denied*, 319 N.C. 227, 353 S.E. 2d 401 (1987); *see also Nelson v. Patrick*, 73 N.C. App. 1, 12, 326 S.E. 2d 45, 52 (1985) (where common law of informed consent is inconsistent with language and purpose of N.C.G.S. Sec. 90-21.13, the statute prevails).

Consistent with N.C.G.S. Sec. 90-21.13, plaintiff must prove at trial that defendant did not obtain her informed consent by

FOARD v. JARMAN

[93 N.C. App. 515 (1989)]

"showing either that he failed to comply with G.S. 90-21.13(a)(1) or that he failed to comply with G.S. 90-21.13(a)(2)." *Nelson*, 73 N.C. App. at 13, 326 S.E. 2d at 53. Plaintiff must then prove, pursuant to N.C.G.S. Sec. 90-21.13(a)(3), that if adequately informed, a "reasonable person" "would have foregone treatment." *Dixon*, 63 N.C. App. at 596, 306 S.E. 2d at 480.

However, as this matter comes before the court on defendant's motion for summary judgment, it is immaterial that plaintiff would have the burden of proof at trial, as "upon a motion for summary judgment the burden is upon the party moving therefor to establish that there is no genuine issue of fact remaining for determination and that he is entitled to judgment as a matter of law." *Whitley v. Cubberly*, 24 N.C. App. 204, 206, 210 S.E. 2d 289, 291 (1974) (quoting *Savings & Loan Assoc. v. Trust Co.*, 282 N.C. 44, 51, 191 S.E. 2d 683, 688 (1972). Only after the moving party, here the defendant, meets his burden, does the burden shift to the plaintiff to rebut the validity of the consent. *Id.* In order to obtain summary judgment the defendant must establish in accordance with N.C.G.S. Sec. 90-21.13 one of the following: (1) that his actions in obtaining the consent of the plaintiff were "in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities," N.C.G.S. Sec. 90-21.13(a)(1), *and* that "[a] reasonable person, from the information provided by the health care provider under the circumstances, would have a general understanding of the procedures or treatments and of the usual and most frequent risks and hazards inherent in the proposed procedures or treatments which are recognized and followed by other health care providers engaged in the same field of practice in the same or similar communities," N.C.G.S. Sec. 90-21.13(a)(2), *or* (2) that assuming no compliance with (a)(1) and (a)(2), "[a] reasonable person, under all the surrounding circumstances, [nonetheless] would have undergone such treatment or procedure had he been advised by the health care provider in accordance with the provisions of subdivision (1) and (2) . . . ." N.C.G.S. Sec. 90-21.13(a)(3); *see also Estrada v. Jaques*, 70 N.C. App. 627, 645, 321 S.E. 2d 240, 251-52 (1984) (discussion of what must be established for defendant to obtain summary judgment in a lack of informed consent case).

[2] In this record, there is no evidence that the action of the defendant in obtaining the consent of the plaintiff was "in accordance with the standards of practice among members of the same

**FOARD v. JARMAN**

[93 N.C. App. 515 (1989)]

health care profession with similar training and experience situated in the same or similar communities." Furthermore, there has been no determination as to what a reasonable person would have done had he been advised in accordance with the statute. *See Estrada,* 70 N.C. App. at 645, 321 S.E. 2d at 252 (questions of reasonableness must ordinarily go to the jury). Accordingly, the defendant has failed to meet his burden of proof and the trial court therefore was in error in granting defendant's motion for summary judgment on the issue of informed consent. *See id.* (defendant must show community standard for obtaining consent).

II

**[3]** Plaintiff next contends the written consent authorizing the surgery, even if obtained in compliance with N.C.G.S. Sec. 90-21.13(a), was nonetheless invalid because it was procured by fraud and misrepresentations of the defendant. N.C.G.S. Sec. 90-21.13(b) (presumption of validity of written consent obtained in compliance with Section 90-21.13(a) "subject to rebuttal only upon proof that such consent was obtained by fraud, deception or misrepresentation of a material fact"). Specifically, the plaintiff argues the doctor misrepresented his prior medical experience as it related to his performance of this type of surgery. In response, defendant argued that plaintiff's claim to avoid the written consent because of fraud was barred by the statute of limitations.

N.C.G.S. Sec. 1-52(9) (1983) establishes a three-year statute of limitations for claims based on fraud and that period begins to run upon "the discovery by the aggrieved party of the facts constituting the fraud . . .," N.C.G.S. Sec. 1-52(9), or "from the time it should have been discovered in the exercise of reasonable diligence." *B-W Acceptance Corp. v. Spencer,* 268 N.C. 1, 7, 149 S.E. 2d 570, 575 (1966). Once the statute is pled, the burden is on the aggrieved party to show he instituted his fraud claim within the allotted time. *Id.* at 8, 149 S.E. 2d at 575. However, as this defendant moved for summary judgment, the burden was on the defendant at the summary judgment hearing to show plaintiff's claim was barred by the statute of limitations. *Thomasville,* 300 N.C. at 654, 268 S.E. 2d at 193.

The evidence presented at the summary judgment hearing included the deposition of the plaintiff. In that deposition she testified she first learned in "mid" 1983, when she first started gaining weight, that the defendant "had not done a gastroplasty procedure in Iredell County." In response to another question in the deposi-

FOARD v. JARMAN

[93 N.C. App. 515 (1989)]

tion, the plaintiff testified that in April 1983 and subsequent to her gaining weight after the second operation, the defendant x-rayed her and determined the "staples had pulled out." This evidence taken in the light most favorable to plaintiff is adequate proof that plaintiff learned in April 1983 of the alleged misrepresentations of the defendant relating to his medical experience. This action was not filed until 12 August 1986, more than three years after first learning of the facts giving rise to the alleged misrepresentation. Therefore, the trial court did not err in entering summary judgment as to the plaintiff's claim based on fraud. *See Pembee Mfg. Corp. v. Cape Fear Constr. Co.*, 313 N.C. 488, 491, 329 S.E. 2d 350, 353 (1985) (when statute of limitations is pled, summary judgment is appropriate if facts as to time of discovery are not in conflict).

### III

Plaintiff also claims the defendant was negligent in that he generally failed to exercise the care a physician in the Statesville area would have exercised in a similar situation. Specifically, the plaintiff claims (A) defendant left perforations in the plaintiff's body, failed to properly staple the plaintiff's body, waited until plaintiff went into shock and was near death before he undertook a second surgical operation, performed the first operation without the assistance of another doctor; and (B) during the second operation defendant negligently left a needle inside her body.

Defendant asserts plaintiff's negligence claims are barred by the statute of limitations because they were filed more than three years from the dates of the first and second operations. Because plaintiff's claims are for professional malpractice, the applicable statute of limitations is found in N.C.G.S. Sec. 1-15(c) (1983).

### A

Plaintiff contends the alleged negligent perforation on the inside of her body, the improper staple line, the delay before the second surgery, and the performance of the first operation without the assistance of another doctor are all injuries of the type which would be "not readily apparent," therefore entitling her to the benefit of the one-year extension of the three-year minimum statute of limitations.

Injuries allegedly sustained in the surgery were "not readily apparent," until plaintiff discovered or "in the exercise of reason-

able care, should have discovered, that [she] was injured as a result of defendant's wrongdoing." *Black*, 312 N.C. at 642, 325 S.E. 2d at 480. As the defendant has not met his burden of showing conclusively when plaintiff became aware or should have become aware of the negligent conduct, the question is one of fact for the jury. *Hiatt v. Burlington Industries, Inc.*, 55 N.C. App. 523, 526, 286 S.E. 2d 566, 568 (1982). Furthermore, this action has been filed within the four-year statute of repose, as the last acts giving rise to these claims for relief occurred on 13 August 1982 and 17 August 1982, the dates of the first and second surgeries.

[4]   Nonetheless, the defendant offered evidence through the affidavit of another physician that the defendant had in all respects complied with the standard of care in the community in rendering professional services to the plaintiff in August 1982. As plaintiff came forward with no evidence of negligence to refute defendant's showing, summary judgment was appropriately entered for the defendant. *See Thomasville*, 300 N.C. at 654, 268 S.E. 2d at 193 (if moving party meets his summary judgment burden "nonmoving party must in turn either show that a genuine issue of material fact exists for trial or must provide an excuse for not doing so").

[5]   Plaintiff argues that the doctrine of *res ipsa loquitur* applies to these negligence claims thereby precluding summary judgment and eliminating the need for her to present expert medical testimony to refute that presented by the defendant. When the doctrine of *res ipsa loquitur* is applied, an inference of negligence is created which will preclude summary judgment "even though the defendant presents evidence tending to establish the absence of negligence." *Schaffner v. Cumberland Co. Hosp. System*, 77 N.C. App. 689, 691-92, 336 S.E. 2d 116, 118 (1985), *disc. rev. denied*, 316 N.C. 195, 341 S.E. 2d 578-79 (1986). The doctrine of *res ipsa loquitur* applies when "the injury is of a type that does not ordinarily occur in the absence of some negligent act or omission," "direct proof of the cause of an injury is not available," and "the instrumentality involved in the accident is under the defendant's control." *Parks v. Perry*, 68 N.C. App. 202, 205, 314 S.E. 2d 287, 289, *disc. rev. denied*, 311 N.C. 761, 321 S.E. 2d 142-43 (1984).

We find plaintiff's forecast of evidence insufficient to show "the injury is of a type that does not ordinarily occur in the absence of some negligent act or omission" and accordingly the doctrine of *res ipsa loquitur* does not apply to the facts of this case. Plaintiff

FOARD v. JARMAN

[93 N.C. App. 515 (1989)]

is correct in her argument that failure to present a forecast of expert testimony is not always fatal. *See Schaffner,* 77 N.C. App. at 692, 336 S.E. 2d at 118. When "facts can be evaluated based on common experience and knowledge, expert testimony is not required." *Id.* However, because of the nature of this case, we conclude "common experience and knowledge" would not be sufficient to evaluate whether the injuries alleged would "not ordinarily occur in the absence of" negligence. Therefore, as plaintiff has presented insufficient evidence on this element of *res ipsa loquitur,* discussion of the remaining elements of *res ipsa loquitur* is unnecessary.

## B

[6] On the claim relating to the needle allegedly left inside the plaintiff's body, the plaintiff is permitted by Section 1-15(c) to commence an action "within one year after discovery thereof . . . but in no event may the action be commenced more than 10 years from the last act of the defendant giving rise to the cause of action." N.C.G.S. Sec. 1-15(c) (1983). As there is no evidence in the record that a needle was found in plaintiff's body, no genuine issue of material fact exists, and accordingly, summary judgment was appropriately entered in favor of the defendant on this claim.

## IV

In summary, we vacate the summary judgment of the trial court in dismissing the plaintiff's claim for relief as it relates to lack of informed consent. We affirm the trial court on the entry of summary judgment as to the other issues in the complaint.

Affirmed in part, vacated in part and remanded.

Judge PHILLIPS concurs.

Judge COZORT concurs in part, dissents in part.

Judge COZORT concurring in part and dissenting in part.

I concur with all of the majority opinion except for that portion which vacates the trial court's order of summary judgment for relief as it relates to lack of informed consent. In my opinion, the trial court was correct in granting summary judgment for the defendant on that issue.

WALKER v. FIRST FEDERAL SAVINGS AND LOAN

[93 N.C. App. 528 (1989)]

The majority holds there is no evidence that the action of defendant in obtaining the consent of plaintiff was in accordance with the standards of practice among members of the same health care profession with similar training and experience situated in the same or similar communities. I disagree.

Defendant testified in his deposition that he provided plaintiff, prior to the operation, with a booklet entitled, "What You and Your Family Should Know About Gastric Operations For the Treatment of Obesity." That booklet described the development of the procedure, how it works, and, among other things, the risks involved with the surgery. Plaintiff testified in her deposition that she received the book from defendant, read it, discussed it with her family, and made the decision to have the surgery with awareness of the risks involved in the procedure. In his deposition, defendant testified that he was of the opinion that his treatment and care of plaintiff in the performance of the first surgical procedure was consistent with the standard of practice of the specialty of general surgery in Iredell County. I believe this evidence is sufficient to meet defendant's burden, on summary judgment, that his actions in obtaining the consent of plaintiff were in accordance with the standards of practice of the same health care profession with similar training and experience in the same or similar communities. With plaintiff offering no evidence to the contrary, I believe the trial court was correct in granting summary judgment for defendant on that issue.