TRIAD BANK, PLAINTIFF v. EDUCATIONAL CONSULTANTS, INC. AND
CATHERINE A. HARKEY, DEFENDANTS

No. 9018SC1038

(Filed 16 July 1991)

**Bills and Notes § 20 (NCI3d) — action on a note — amount of debt — summary judgment for plaintiff — improper**

Plaintiff was not entitled to summary judgment in an action on a note for $40,094.97 where defendants' evidence was that the loan was only in the amount of $25,000, that plaintiff later requested that defendant Harkey execute a prom-

issory note in the amount of $15,000, that she never received the $15,000, and that this litigation includes both notes. Defendants' evidence establishes a genuine issue of material fact as to the amount of the debt.

**Am Jur 2d, Bills and Notes §§ 244, 1150, 1151.**

APPEAL by defendants from judgment entered 20 July 1990 in GUILFORD County Superior Court by *Judge W. Steven Allen.* Heard in the Court of Appeals 11 April 1991.

*Turner, Enochs, Sparrow, Boone & Falk, P.A., by Peter Chastain, for plaintiff-appellee.*

*McCall & James, by Randolph M. James and M. Lee Decker, for defendant-appellants.*

GREENE, Judge.

Plaintiff, Triad Bank, filed this action on 30 November 1989 alleging default on a promissory note executed by defendant Educational Consultants, Inc., and guaranteed by defendant Catherine A. Harkey (Harkey). On 2 April 1990, plaintiff moved for summary judgment. Plaintiff's motion was allowed on 20 July 1990 and judgment was entered against defendants in the amount of $40,094.97. Defendants appeal.

In support of its motion for summary judgment, plaintiff filed the affidavit of W. Hugh Black, vice president of plaintiff bank. Black's affidavit states in part:

3. That the Plaintiff Bank's loan file relating to Educational Consultants, Inc. contains the original loan documents which include *inter alia*: (a) An Unconditional Guaranty Agreement dated July 11, 1986, having been executed by Catherine Harkey, a true copy of which is attached hereto as Exhibit "A" (and to the Complaint also as Exhibit "A"); and (b) A Negotiable Promissory Note dated September 5, 1989 in the principal amount of $37,598.54, having been executed by Catherine A. Harkey in her capacity as President of Educational Consultants, Inc., a true copy of which is attached hereto as Exhibit "B" (and to the Complaint also as Exhibit "B").

4. That no payments of principal and/or interest have been made pursuant to the terms of the underlying Note and on

account of this default he instructed the law firm of Turner, Enochs, Sparrow, Boone & Falk, P.A. of Greensboro, North Carolina to send demand letters to the Defendants. A true copy of the demand letter sent to Educational Consultants, Inc. is attached hereto as Exhibit "C." A true copy of the demand letter sent to Catherine A. Harkey, as guarantor, is attached hereto as Exhibit "D." A true copy of a follow-up demand letter is attached as Exhibit "E."

5. That he has personal knowledge of the outstanding balance owed to the Plaintiff by Defendants as a result of their default and that sum is as follows:

| | |
|---|---|
| Principal | $37,598.54 |
| Interest to March 28, 1990 | 2,496.43 |
| TOTAL | $40,094.97* |

*Per diem interest accrues from and after March 28, 1990 at the rate of $12.36 per day (Triad Bank's prime lending rate plus 2% to float with said prime)[.]

Exhibits A through E, as referred to in the affidavit, were filed with the affidavit.

In opposition to plaintiff's motion for summary judgment, defendant Harkey submitted an affidavit which states in pertinent part:

4. On June 25, 1986, Catherine A. Harkey and Associates took out a $25,000 loan from Triad Bank, $10,000 of which was for operating capital and $15,000 towards the purchase of a 1986 BMW, Serial No. WBADK8300G9660371 (which had a total purchase price of $26,000). The negotiable promissory note signed by me as president of Catherine A. Harkey and Associates is attached hereto and incorporated herein by reference as defendant's Exhibit A. Attached hereto incorporated herein by reference as defendant's Exhibit B is the June 30, 1986 bank statement from Triad Bank of Catherine A. Harkey and Associates. Exhibit B reflects that the proceeds from the $25,000 loan evidenced by Exhibit A were deposited to my business account of June 25, 1986.

5. On June 30, 1986, I wrote two separate checks to Crown Pontiac on the aforesaid business account totalling $15,000. (See Exhibit C attached hereto and incorporated herein by reference.) The $15,000, plus a second party check endorsed

by me to Crown Pontiac on July 8 for $11,000 constituted full payment for the 1986 BMW referenced in paragraph 4 above. (Crown automobile receipts are attached hereto as Exhibit D.)

6. Nevertheless, on July 14, 1986, I was called to Triad Bank where I was informed by Mr. Hugh Black that I needed [to sign a] note and security agreement attached hereto as Exhibit E [in order] to "clear up the paperwork" regarding the car loan referenced in paragraph 4 above. The instant litigation includes *both* the $25,000 note taken by me on June 25 *and* the July 14, 1986 note for $15,000, although I never requested or received the $15,000 reflected on Exhibit E. Thus plaintiff is suing me twice for the single car loan of $15,000.

Exhibits A through E, as referred to in defendant Harkey's affidavit, were filed with the affidavit.

Plaintiff then filed Black's supplemental affidavit in support of plaintiff's motion for summary judgment. This affidavit states that the notes for $15,000.00 and for $25,000.00 are not related to the present case. He further states that the note for $25,000.00 was paid in February, 1987, and that the note for $15,000.00 was paid in August, 1988.

---

The only issue on appeal is whether defendants' evidence in opposition to plaintiff's motion for summary judgment establishes a genuine issue of material fact such that plaintiff was not entitled to judgment.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." N.C.R. Civ. P. 56(c); *Martin v. Ray Lackey Enterprises*, 100 N.C. App. 349, 353, 396 S.E.2d 327, 330 (1990). The party moving for summary judgment has the burden of showing there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Cheek v. Poole*, 98 N.C. App. 158, 162, 390 S.E.2d 455, 458, *disc. rev. denied*, 327 N.C. 137, 394 S.E.2d 169 (1990). When plaintiff is the movant,

he must establish that all of the facts on all of the essential elements of his claim are in his favor and that there is no

**TRIAD BANK v. EDUCATIONAL CONSULTANTS, INC.**

[103 N.C. App. 483 (1991)]

genuine issue of material fact with respect to any one of the essential elements of his claim. In other words, the party must establish his claim beyond any genuine dispute with respect to any of the material facts.

*Steel Creek Development Corp. v. James*, 300 N.C. 631, 637, 268 S.E.2d 205, 209 (1980).

Here, the movant's (plaintiff's) evidence includes the unconditional guaranty agreement executed by defendant Harkey, as well as a promissory note in the amount of $37,598.54, dated 5 September 1989 and executed by Harkey as president of Educational Consultants, Inc. The note states that it is "payable in full 45 days after date on October 20, 1989 . . . ." In his affidavit, executed 28 March 1990, plaintiff's vice president states that the note is in default in that no payments have been paid on the note, and that principal plus interest total an outstanding balance of $40,094.97.

In opposition, defendants' evidence, in the form of Harkey's affidavit, states that the source of the debt at issue is a loan made by plaintiff to defendant Educational Consultants, Inc. in June of 1986. Harkey states that the loan was only in the amount of $25,000.00, and that plaintiff later requested that Harkey, as president of Educational Consultants, Inc., execute a promissory note in the amount of $15,000.00. Harkey further states that the "instant litigation includes *both* [the] $25,000.00 note . . . *and* the . . . note for $15,000.00," though she never "received the $15,000.00 . . . ."

The supplemental affidavit of plaintiff's vice president states only that the instant litigation has nothing to do with the $25,000.00 and $15,000.00 notes, and that these notes, as shown by the documentary evidence, have already been paid in full.

Plaintiff contends defendants' assertion that they never received the $15,000.00 is an affirmative defense of failure of consideration and, as such, Harkey could not assert this defense in opposition to plaintiff's motion for summary judgment because she did not raise the defense in her answer. We reject this argument. Our case law holds "that unpleaded affirmative defenses raised by evidence adduced at the hearing . . . [can] be considered *in opposition to* a motion for summary judgment." *Dickens v. Puryear*, 302 N.C. 437, 442, 276 S.E.2d 325, 329 (1981), *citing Bank v. Gillespie*,

291 N.C. 303, 230 S.E.2d 375 (1976); *Cooke v. Cooke*, 34 N.C. App. 124, 237 S.E.2d 323 (1977).

Defendants' evidence in opposition to plaintiff's motion for summary judgment establishes a genuine issue of material fact as to the amount of the debt. Accordingly, plaintiff was not entitled to summary judgment.

Reversed and remanded.

Judges PHILLIPS and PARKER concur.